

FILED
SEP 23 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRSEM, LLC-LMAC<br>Plaintiff<br><br>vs.<br><br>KIMLOR MILLS, INC., a South Carolina corporation,<br><br>Defendant | 16 CV 9181<br>JUDGE FEINERMAN<br>MAGISTRATE JUDGE SCHENKIER<br><br>* COPYRIGHT INFRINGEMENT<br>*<br>* DEMAND FOR JURY TRIAL<br>*<br>* Judge |

COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff, CRSEM, LLC-LMAC ("LMAC") by and through its attorney, states as follows:

JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. Section 101 et seq.)

2. This Court has jurisdiction under 17 U.S.C. Section 101 et seq.; 28 U.S.C. Section 1331 (federal question); and 28 U.S.C. Section 1338 (copyright).

3. This Court has personal jurisdiction over the Defendant and venue in this District is proper under 28 U.S.C. Section 1391(c) and 28 U.S.C. Section 1400(b); in that Defendant has and is conducting business within the State of Illinois and within this judicial district and various acts of infringement complained of herein have occurred in this District.

4. The Defendant, directly and through intermediaries, makes, distributes, offers for sale or license, sells or licenses, and advertises its products and services in the United States, the State of Illinois and Northern District, Eastern Division of Illinois.

## PARTIES

5. Plaintiff, CRSEM, LLC-LMAC ("LMAC") is an Illinois limited liability company duly organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

6. Upon information and belief, Kimlor Mills, Inc., ("KIMLOR") is a South Carolina corporation duly organized and existing under the laws of California, with its principal place of business in the State of South Carolina.

7. Kimlor manufactures and is a wholesale, retail and online distributor and supplier of bedding, bath and related home accessories and has a distribution channel comprising of hundreds of US based retailers.

## GENERAL AVERMENTS

8. LMAC is the copyright owners of the exclusive rights under the United States copyright with respect to certain copyrighted works of art, identified in Exhibit A attached herein, each of which is subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights.

9. Among the exclusive rights granted to LMAC under the Copyright Act is the exclusive right to reproduce and distribute the copyrighted materials to the public.

10. On information and belief, Defendant has purposefully, actively and voluntarily distributed LMAC's copyrights with the expectation they will be purchased, used, or licensed by consumers in the Northern District of Illinois. Defendant has thus committed acts of copyright infringement within the State of Illinois and particularly, within the Northern District of Illinois, Eastern Division. By purposefully and voluntarily distributing one or more of its infringing products. Defendant has injured LMAC and is thus liable to LMAC for

infringement of the copyrights at issue in this litigation pursuant to 35 U.S.C. Section 271.

## COUNT I
(Copyright Infringement v. Kimlor)

11. LMAC hereby restates and re-alleges the allegations set forth in paragraphs 1 through 10 above and incorporate them by reference.

12. The LMAC portfolio contains a substantial amount of original material that is copyrightable subject matter under the Copyright Act, 17 U.S.C. Section 101, et seq.

13. Without consent, authorization, approval or license, Kimlor knowingly, willingly, and unlawfully copied, prepared, published and distributed LMAC's copyrighted work and continues to do so.

14. Kimlor infringes LMAC's copyrighted works and Kimlor is not licensed to do so. willful.

15. Kimlor has never obtained, or even sought to obtain, a written instrument that provides that any of Lisa McNamera's works-now the property of LMAC-are works made for hire.

16. By this unlawful copying, use and distribution, Kimlor has violated LMAC's exclusive rights under 17 U.S.C. Section 106.

17. In fact, Kimlor has affirmatively stated that no written contract of any type exists.

18. Kimlor's infringements are and have been knowing and willful.

19. Kimlor has realized unjust profits, gains and advantages as a proximate result of the infringement.

20. Kimlor will continue to realize unjust profits, gains and advantages as a proximate result of the infringement as long as such infringement is permitted to continue.

21. LMAC is entitled to an injunction restraining Kimlor from engaging in any further acys in violation of the United States Copyright laws. Unless Kimlor is enjoined and prohibited from

infringing LMAC's copyrights, inducing others to infringe LMAC's copyrights, and unless all infringing products and advertising materials are seized, Kimlor will continue to intentionally infringe and induce infringement of LMAC's registered copyrights.

22. As a direct and proximate result of Kimlor's direct and indirect willful copyright infringement, LMAC has suffered and will continue to suffer, monetary loss to its business, reputation and goodwill. LMAC is entitled to recover from Kimlor, in amounts to be determined at trial, the damages sustained and will sustain, and any gains, profits, and advantages obtained by Kimlor as a result of Kimlor's acts of infringement and Kimlor's use and publication of the copied materials.

## COUNT II
(Kimlor's Inducement of Copyright Infringement)

23. LMAC hereby restates and re-alleges the allegations set forth in paragraphs 1 through 22 above and incorporate them by reference.

24. Without consent, authorization, approval or license, Kimlor has knowingly, willingly, and unlawfully induced third parties to copy, publish and distribute LMAC's copyrighted work and continues to do so.

25. Kimlor has induced infringement of LMAC's copyrighted works.

26. Kimlor's induced infringement of LMAC's copyrighted works are and have been knowing and willful.

27. By inducing this unlawful copying, use and distribution, Kimlor has violated LMAC's exclusive rights under 17 U.S.C. Section 106.

28. Kimlor has realized unjust profits, gains and advantages as a proximate result of the infringement.

29. Kimlor will continue to realize unjust profits, gains and advantages as a proximate

result of the infringement as long as such infringement is permitted to continue.

30. LMAC is entitled to an injunction restraining Kimlor from engaging in any further acts in violation of the United States Copyright laws. Unless Kimlor is enjoined and prohibited from inducing others to infringe upon LMAC's copyrights, inducing others to infringe LMAC's copyrights, and unless all infringing products and advertising materials are seized, Kimlor will continue to intentionally infringe and induce infringement of LMAC's registered copyrights.

31. As a direct and proximate result of Kimlor's direct and indirect willful inducement of copyright infringement, LMAC has suffered and will continue to suffer, monetary loss to its business, reputation and goodwill. LMAC is entitled to recover from Kimlor, in amounts to be determined at trial, the damages sustained and will sustain, and any gains, profits, and advantages obtained by Kimlor as a result of Kimlor's acts of infringement and Kimlor's use and publication of the copied materials.

## PRAYER FOR RELIEF

WHEREFORE, CRSEM-LMAC, LLC prays for judgment as follows:

A. Entry of judgment against Defendant, Kimlor Mills liable for infringement of the copyrights at issue in this litigation;

B. Entry of judgment against Defendant, Kimlor Mills liable for inducement of infringement of the copyrights at issue in this litigation;

C. An order permanently enjoining Kimlor Mills, it's officers, agents, servants, employees, attorneys and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with it, from continued acts of infringement of the copyrights at issue in this litigation.

D. An order that all copies made or used in violation of Plaintiff's copyrights, and all means by which such copies may be reproduced, be impounded and destroyed or otherwise reasonably disposed of;

E. An order awarding Plaintiff statutory damages and damages according to proof resulting from Defendants' infringement of the copyrights at issue in this litigation, together with pre-judgment and post-judgment interest;

F. Trebling of damages under 35 U.S.C. Section 284 in view of the willful and deliberate nature of Defendants' infringement of the copyrights at issue in this litigation.

G. An order awarding Plaintiff its costs and attorney fees under 35 U.S.C. Section 285 and 17 U.S.C. Section 505; and

H. Any and all other legal and equitable relief as may be available under the law and which the court may deem proper.

DEMAND FOR A JURY TRIAL

CRSEM-LMAC demands a jury trial pursuant to Fed. R. Civ. P. 38 for all issues so triable.

Respectfully submitted,

Dated: 9/23/16

By: /s/ Jeffrey M. Isaacson

Law Office of Jeffrey M. Isaacson

2033 N. Milwaukee Ave #105
Deerfield, Illinois 60015
Phone: (312) 523-9636
Fax    (312) 595-0275

Attorney for Plaintiff

Exhibit A

| Copyright Registration | Title | Work |
|---|---|---|
| VAu001249278 | Fancy Tooled Leather Design | *(image of pink tooled leather floral design)* |
| VAu001249282 | Waterfowl Camo | *(image of waterfowl camouflage pattern)* |

| | | |
|---|---|---|
| | | |
| VAu001249273 | WTD Plaid | |
| VAu001249271 | Texas Tooled Pattern | |

| | | |
|---|---|---|
| VAu001249269 | Pinstripe Plaid | |
| VAu001249266 | Grunge Light Tan Plaid | |

| | | |
|---|---|---|
| VAu001249276 | Fleur de lis | |
| VAu001249281 | Cottage Throw | |



| | | |
|---|---|---|
| 1-3098135924 | Browning Country | |
| VAu001249279 | 3d Buckmark | |